UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CLOUDFLARE, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-01356-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 40 |

    The motion to dismiss is denied. The plaintiffs have plausibly stated a claim for contributory copyright infringement against Cloudflare.

    1. Cloudflare's main argument – that contributory liability cannot be based on a defendant's knowledge of infringing conduct and continued material contribution to it – is wrong. *See Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) ("[O]ne contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement."); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 671 (9th Cir. 2017) ("[A] computer system operator is liable under a material contribution theory of infringement if it has actual knowledge that specific infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." (internal quotations and italics omitted)). Allegations that Cloudflare knew its customer-websites displayed infringing material and continued to provide those websites with faster load times and concealed identities are sufficient to state a claim.

    2. The notices allegedly sent by the plaintiffs gave Cloudflare specific information, including a link to the offending website and a link to the underlying copyrighted material, to

plausibly allege that Cloudflare had actual knowledge of the infringing activity. This is sufficient, at least at the pleading stage. A prior judicial determination of infringement was unnecessary.

3. Cloudflare's challenge to the sufficiency of the notices under 17 U.S.C. section 512 is misplaced. Section 512 limits available relief based on certain safe harbors. Cloudflare has not shown that its conduct should be considered under one safe harbor rather than under another safe harbor (and thus has not shown that the alleged notice would need to be formatted in one way rather than another). In any event, this issue is neither dispositive to the action nor appropriate for resolution at this stage of the case.

**IT IS SO ORDERED.**

Dated: July 11, 2019

VINCE CHHABRIA
United States District Judge