ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
MEGHAN E. FENZEL (CSB No. 324139)
mfenzel@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MON CHERI BRIDALS, LLC, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., and DOES 1–500, Inclusive,<br><br>Defendants. | Case No.: 19-cv-01356-VC<br><br>**DEFENDANT CLOUDFLARE, INC.'S ANSWER TO AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Cloudflare, Inc. responds to Plaintiffs' amended complaint as follows:

## JURISDICTION AND VENUE

1. Cloudflare admits the first sentence of paragraph 1 and denies the remaining allegations of paragraph 1.

2. Cloudflare admits the allegations of paragraph 2.

3. Cloudflare admits that venue is proper in the Northern District of California. Cloudflare denies the remaining allegations of paragraph 3.

## PARTIES

4. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 4 and therefore denies the allegations.

5. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 5 and therefore denies the allegations.

6. Cloudflare denies the allegations of paragraph 6.

7. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 7 and therefore denies the allegations.

8. Cloudflare denies the allegations of paragraph 8 as they pertain to Cloudflare. Cloudflare lacks sufficient information to admit or deny the remaining allegations in paragraph 8 and therefore denies the allegations.

## BACKGROUND

9. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 9 and therefore denies the allegations.

10. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 10 and therefore denies the allegations.

11. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 11 and therefore denies the allegations.

12. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 12 and therefore denies the allegations.

Case 3:19-cv-01356-VC   Document 56   Filed 07/25/19   Page 3 of 8

13. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 13 and therefore denies the allegations.

14. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 14 and therefore denies the allegations.

15. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 15 and therefore denies the allegations.

16. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 16 and therefore denies the allegations.

17. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 17 and therefore denies the allegations.

18. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 18 and therefore denies the allegations.

19. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 19 and therefore denies the allegations.

20. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 20 and therefore denies the allegations.

21. Cloudflare denies the allegations of paragraph 21.

22. Cloudflare admits the second sentence of paragraph 22. Cloudflare denies the remaining allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Cloudflare admits that it offers services to website operators, that it provides a reverse proxy, and that it operates a system caching online service. Cloudflare further admits that it maintains dozens of data centers around the world that automatically cache some static files of its customers' websites while still delivering dynamic content from the customers' web servers without caching it. Cloudflare admits that it uses a technology called Anycast. Cloudflare denies the remaining allegations of paragraph 25.

26. Cloudflare admits that it provides a pass-through security service that acts, in effect, as an intermediary between a website and Internet users who seek to communicate with the website. Cloudflare admits that, to provide security to its customers' websites and to protect them from malicious attacks, Cloudflare receives certain Internet user traffic seeking its customers' websites and relays Internet traffic between its customers' websites and Internet users who seek to communicate with its customers' websites. Cloudflare denies the remaining allegations of paragraph 26.

27. Cloudflare admits that it lacks meaningful control over content that resides on its customers' websites and that it states that its "Service," as that term is defined in Cloudflare's Self-Serve Subscription Agreement, "is offered primarily as a platform to cache and serve web pages and websites." Cloudflare denies the remaining allegations of paragraph 27.

28. Cloudflare denies the allegations of paragraph 28, which uses a quotation out of context and misleadingly to buttress its false allegations.

29. Cloudflare admits that setting up Cloudflare's service is easy and that it offers a video showing how a webmaster can place its site on the Cloudflare domain server. It admits that it states that a customer can set up a domain in less than 5 minutes, that a customer can keep its hosting provider, and that a customer need make no code changes. Cloudflare admits that it makes more than 18 million Internet properties faster and safer and that it urges potential customers to join its service. Defendant denies the remaining allegations of paragraph 29.

30. Cloudflare admits that it offers a free plan for personal websites and that it offers a "Pro" plan, for $20 per month, for professional websites. Cloudflare denies the remaining allegations of paragraph 30.

31. Cloudflare denies the allegations of paragraph 31.

32. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 32 and therefore denies the allegations.

33. Cloudflare denies the first sentence of paragraph 33.  Cloudflare lacks sufficient information to admit or deny the remaining allegations of paragraph 33 and therefore denies the allegations.

34. Cloudflare admits that Exhibit C to the amended complaint is a sample of communications to Cloudflare from Counterfeit Technology.  Cloudflare lacks sufficient information to admit or deny the remaining allegations of paragraph 34 and therefore denies the allegations.

35. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 35 and therefore denies the allegations.

36. Cloudflare denies the allegations of paragraph 36.

37. Cloudflare denies the first sentence of paragraph 37.  Cloudflare lacks sufficient information to admit or deny the remaining allegations of paragraph 37 and therefore denies the allegations.

38. Cloudflare denies the allegations of paragraph 38.

39. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 39 and therefore denies the allegations.

40. Cloudflare denies the allegations of paragraph 40.

41. Cloudflare denies the first two sentences of paragraph 41.  Cloudflare lacks sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

42. Cloudflare denies the allegations of paragraph 42.

43. Cloudflare denies the first sentence of paragraph 43.  Cloudflare lacks sufficient information to admit or deny the remaining allegations and therefore denies the allegations.

44. Cloudflare denies the allegations of paragraph 44.

45. Cloudflare denies the allegations of paragraph 45.

## FIRST CLAIM FOR RELIEF—AGAINST DOES 1–500

46. Cloudflare incorporates and restates here by reference its responses to the earlier paragraphs of the amended complaint.

47. Paragraph 47 concerns defendants other than Cloudflare and requires no response from Cloudflare. To the extent a response by Cloudflare is necessary, Cloudflare lacks sufficient information or belief to admit or deny the allegations and therefore denies them.

48. Paragraph 48 concerns defendants other than Cloudflare and requires no response from Cloudflare. To the extent a response by Cloudflare is necessary, Cloudflare lacks sufficient information or belief to admit or deny the allegations and therefore denies them.

49. Paragraph 49 concerns defendants other than Cloudflare and requires no response from Cloudflare. To the extent a response by Cloudflare is necessary, Cloudflare lacks sufficient information or belief to admit or deny the allegations and therefore denies them.

## SECOND CLAIM FOR RELIEF—AGAINST CLOUDFLARE, INC.

50. Cloudflare incorporates by reference and restates here by reference its responses to the previous paragraphs of the amended complaint.

51. Cloudflare lacks sufficient information to admit or deny the allegations of paragraph 51 and therefore denies the allegations.

52. Cloudflare denies the allegations of paragraph 52.

53. Cloudflare denies the allegations of paragraph 53.

54. Cloudflare denies the allegations of paragraph 54.

## DEFENSES

Cloudflare asserts the following defenses without regard to whether they are affirmative or other defenses:

1. The amended complaint fails to state a cause of action against Cloudflare.

2. The Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512, limits the remedies available to Plaintiffs against Cloudflare: it precludes any monetary relief and any broad injunction.

3. Plaintiffs' claims against Cloudflare are moot because they cannot establish any right to a monetary remedy or to any injunction requiring conduct beyond what Cloudflare already does in the ordinary course of its business.

4. Plaintiffs lack standing to the extent they have not received registrations for their alleged copyrights as 17 U.S.C. § 411 requires; in the alternative, Plaintiffs lack standing to the extent they seek to enforce copyright registrations that contain misstatements or omissions that were material to the registrations and material to the purpose for which Plaintiffs invoke the registrations in this action.

5. The doctrine of fair use bars Plaintiffs' claims.

6. The statute of limitations bars Plaintiffs' claims.

7. Laches bars Plaintiffs' claims.

8. Plaintiffs' failure to mitigate damages bars or limits their claims.

9. The First Amendment to the United States Constitution bars or limits Plaintiffs' claims.

10. The doctrine of estoppel bars Plaintiffs' claims.

11. The doctrines of consent, acquiescence, and license bar Plaintiffs' claims.

12. The doctrine of unclean hands bars Plaintiffs' claims.

13. 17 U.S.C. § 412 bars Plaintiffs' claims for statutory damages and attorney's fees to the extent their copyright registrations were untimely.

14. The United States Constitution limits Plaintiffs' claims for damages.

## PRAYER FOR RELIEF

Cloudflare asks that the Court enter judgment in its favor and against Plaintiffs; that the Court adjudge that Cloudflare has not infringed upon Plaintiffs' copyrights or otherwise violated Plaintiffs' rights; that the Court adjudge that Cloudflare has no liability to either Plaintiff; that the Court adjudge that Cloudflare is not liable for any monetary relief or for any injunctive relief beyond the scope that section 512(j) authorizes, even in the case of a finding of infringement; that the Court award Cloudflare its attorneys' fees and full costs pursuant to the Copyright Act;

and that the Court grant all other relief as it deems proper.

## DEMAND FOR JURY TRIAL

Cloudflare demands trial by jury.

Dated:   July 25, 2019                           FENWICK & WEST LLP

                                                 By: */s/ Andrew P. Bridges*
                                                     Andrew P. Bridges

                                                 Attorneys for Defendant CLOUDFLARE, INC.