

**GENE MARKIN, ESQ.**
DIRECT DIAL NUMBER
609-895-7248
DIRECT FAX NUMBER
609-895-7395
E-MAIL
gmarkin@stark-stark.com

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ  08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

May 26, 2020

**VIA ELECTRONIC FILING & FEDERAL EXPRESS**
The Honorable Vince Chhabria
**United States District Court**
**Northern District of California**
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    **Mon Cheri Bridals, *et. al.* v. CloudFlare, Inc., *et al.***
             **Case No.: 19-CV-01356-VC**

Dear District Judge Chhabria:

This firm represents Plaintiffs Mon Cheri Bridals, LLC and Maggie Sottero Designs, LLC.  We write to request a brief extension of time for Plaintiffs to serve their opening expert reports.  Unfortunately and disappointingly, despite the reasonableness of Plaintiffs' extension request, the lack of any prejudice to Defendant Cloudflare, Inc., and the need for Plaintiffs and their experts to review and process the almost 10,000 new pages of documents produced by Cloudflare nearly a week before the expert report deadline, Cloudflare has stubbornly and unjustifiably refused to agree to the extension request thereby necessitating this submission request to the Court.

By way of quick background, this case concerns claims of direct and contributory copyright infringement of Plaintiffs' images and photographs.  Plaintiffs are manufacturers of wedding, social, and formal occasion dresses that use carefully curated and painstakingly developed photographs showcasing their unique garments to market, promote, and advertise their collections.  Plaintiffs have discovered that numerous Cloudflare client websites have used Plaintiff's copyrighted works without permission or authorization to advertise and sell knockoff dresses.  This suit concerns and revolves around Plaintiffs' contention that by continuing to provide website security and optimization services to infringing websites after receiving credible notice of its clients' infringing activities, Cloudflare materially assists and contributes to the infringement of Plaintiffs' copyrights.

Plaintiff initially filed suit in November 2018 in the Central District of California. In January 2019, after securing Plaintiffs' consent to an extension of time to respond to the Complaint, Cloudflare filed a Motion to Dismiss and a Motion to Transfer Venue.  In February 2019, Plaintiffs filed an Amended Complaint, which mooted the pending Motion to Dismiss, and in March 2019, the Court granted Cloudflare's Motion to Transfer Venue and transferred the case to the Northern District of California.  Towards the end of April 2019, Cloudflare filed a Motion to Dismiss Plaintiffs' Amended Complaint, which was denied by the Court in July 2019.  Thereafter, the case was referred to Early Neutral Evaluation, which was held in early January 2020, by which time neither party had served or exchanged any discovery.

Without delay, on February 3, 2020, Plaintiffs served their first set of interrogatories and document requests on Cloudflare.  On March 4, 2020, Cloudflare made its initial document production of 77 pages of printouts from its website.  On April 28, 2020, Cloudflare supplemented its document production with almost 500 additional pages.  On April 14, 2020, Plaintiffs served their second set of document requests on Cloudflare, which provided written responses on May 14, 2020 indicating that it would produce many categories of responsive documents.  Thereafter, at the end of the day on Friday, May 22, 2020, Cloudflare produced nearly 10,000 new pages of responsive documents, which Plaintiffs have yet to review, digest, and process. *See* Cover Letter Serving Supplemental Documents dated May 22, 2020, attached hereto as **Exhibit A**.

Under the current case management schedule, expert designations and opening reports are due by June 1, 2020.  *See* Amended (Corrected) Case Management Order As Modified dated May 14, 2020, attached hereto as **Exhibit B**.  Rebuttal reports are due by August 3, 2020, expert deposition by October 16, 2020, and the current discovery end date is October 30, 2020.  *Ibid.*

On May 22, 2020, I wrote to Cloudflare's counsel requesting Cloudflare's consent to a modest 16-day extension of time to serve opening reports until June 17th.  *See* Email Correspondence between Gene Markin and Andrew Bridges dated May 22-26, 2020, attached hereto as **Exhibit C**.  Yet, a few hours after producing 10,000 new pages of documents, Cloudflare's counsel refused to agree to the extension request saying "no further time should be necessary or is appropriate." *Ibid.*  On May 26, 2020, I again wrote to counsel and asked him to reconsider his position in light of the newly produced documents, the potential for the need to employ the 14-day "Highly Confidential" document disclosure procedure set forth in Section 7.4 of the Discovery Confidentiality Protective Order, and the lack of any impact on the remaining discovery deadlines.  *Ibid.*  Without reason, explanation, or even a willingness to discuss, counsel again rejected the extension request remarking, "there is no justification for a change."  *Ibid.*

As such, Plaintiffs have been forced to seek an extension from the Court. As explained above, good cause exists for granting the modest 16-day extension request: Cloudflare has just produced 10,000 pages of responsive documents, which will require more than a short week's time to review, digest, and incorporate into an expert report; the parties are still working through discovery deficiency contentions; Cloudflare's is producing documents on a rolling basis and its document production may not be complete; Cloudflare's responses to Plaintiff Maggie Sottero's Interrogatories are due June 5, 2020, and are anticipated to contain pertinent information about Cloudflare's technologies and services (assuming we received substantive responses instead of stock, boilerplate objections); and given the complexity of Cloudflare's services and technologies, Plaintiffs need additional time to confer with their experts in order to formulate, prepare, and serve a comprehensive opening expert report concerning the highly technical and esoteric aspects of Cloudflare's services and their impact on the infringing activities at issue in this case.

Plaintiffs' extension request is reasonable, would not delay subsequent discovery deadlines, and would serve the interests of justice by giving Plaintiffs sufficient time to adequately prepare their expert report in light of newly produced documents and ongoing discovery. Therefore, Plaintiffs respectfully request that this Court grant Plaintiffs' extension request and amend the current discovery schedule to allow for the service of opening expert reports on or before June 17, 2020, and rebuttal expert reports on or before August 19, 2020.

Thank you for the Court's consideration of the above and we stand ready to proceed in any manner deemed appropriate by the Court.

Respectfully,

**STARK & STARK,**
A Professional Corporation


By:   /s/ *Gene Markin*
       GENE MARKIN *(pro hac vice)*

GM/emp

cc:   Andrew P. Bridges, Esq. *(w/enc.)(via electronic mail)*
       Matthew B. Becker, Esq. *(w/enc.)(via electronic mail)*
       Robert B. Owens, Esq. *(w/enc.)(via electronic mail)*
       Clients

4819-3363-6541, v. 1