ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant,
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC,<br><br>            Plaintiffs,<br><br>     v.<br><br>CLOUDFLARE, INC., and DOES 1 – 500, Inclusive,<br><br>            Defendants. | Case No.: 19-cv-01356-VC<br><br>**CLOUDFLARE'S OPPOSITION TO PLAINTIFFS' REQUEST FOR SECOND EXTENSION OF TIME FOR EXPERT DISCLOSURE** |

Cloudflare, Inc. opposes Plaintiffs' current request for a second extension of time to serve their opening expert disclosures (Dkt. No. 79) because Plaintiffs have been dilatory in pursuing this case and have not demonstrated good cause for their request.  Although Cloudflare is generally inclined to be accommodating, especially in times of adversity, Cloudflare alone has consistently met the deadlines in this case only to find Plaintiffs repeatedly seek extensions at the last minute.  Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiffs have not been diligent and their request fails to demonstrate good cause. Discovery opened on June 18, 2019.  More than seven months later, on February 3, 2020, Plaintiffs finally served their first set of interrogatories and document requests on Cloudflare. While Plaintiffs claim that they pursued discovery in this case "[w]ithout delay," Dkt. 79 at 2, a fair reading of the timeline demonstrates the opposite.  Plaintiffs cannot explain away their lengthy delay by reference to the early neutral evaluation ("ENE") on January 8, 2020, which has no relevance to the discovery schedule.  As a general matter, discovery regularly gets underway before an ENE session and often helps parties resolve a case early.[1]  Moreover, Plaintiffs waited an additional month *after* the oft-postponed ENE session in the case before serving their first

---

[1] ADR Local Rule 5-12(a) precludes Cloudflare's counsel from commenting upon ENE-related communications in this case, including any ENE-related discussions regarding discovery or the parties' expectation of any settlement.

discovery requests, which was less than two months before the original deadline of April 1, 2020 for opening expert reports.

Having delayed serving initial discovery requests, Plaintiffs waited until March 20, 2020 to ask Cloudflare for their first extension of time for the expert disclosure deadline (and along with it, an extension of all other dates that follow from that deadline). That request was just 12 days before the first deadline for expert disclosure. Declaration of Andrew P. Bridges ¶ 3. As justification for that first extension, Plaintiffs invoked the pandemic, and Cloudflare agreed to a two-month extension of time, recognizing the global upheaval the pandemic caused. Nonetheless, Cloudflare noted that Plaintiffs had not yet produced a single document and had instead provided stonewalling and boilerplate objections to Cloudflare's discovery requests, and Cloudflare expressed concern that Plaintiffs were not diligently pursuing the case. The exchange of correspondence regarding the Plaintiffs' request is Exhibit A to Bridges Decl.[2]

That two-month extension afforded Plaintiffs every opportunity to complete their expert reports, and Plaintiffs' purported justifications for this second eleventh-hour request do not withstand scrutiny. Most glaringly, the "almost 10,000 new pages" of documents from Cloudflare that Plaintiffs cite to justify their request *are emails to Cloudflare from Plaintiffs' own agent XMLShop, LLC dba Counterfeit Technology*, to which Plaintiffs have had access since the beginning of the case. Plaintiffs' lawyers also represent Counterfeit Technology for discovery purposes in this case. Cloudflare produced these documents at Plaintiffs' insistence,

---

[2] Among other failings, Plaintiffs' does not "[d]isclose[] all previous time modifications in the case, whether by stipulation or Court order" and "[d]escribe[] the effect the requested time modification would have on the schedule for the case," as both L.Cv.R. 6-3(a)(5)-(6) and paragraph 11 of this Court's Standing Order for Civil Cases require. Plaintiffs' request also does not conform with the requirements in L.Cv.R. 6-3(a) that require the filing of a declaration and a proposed order, and it does not reference the legal standard applicable for a motion for extension of time or any case law or rule of court authorizing the extension.

over Cloudflare's objection that Plaintiffs already had access to or possession of these documents. Notably, Plaintiffs themselves could have produced these emails to Cloudflare but did not, even though Cloudflare served requests for production that called for those emails on February 7, 2020.[3] Moreover, contrary to Plaintiffs' misleading suggestion on page 2 of their request, none of these documents have confidentiality designations, so there is no need to invoke the document disclosure procedure for "Highly Confidential" documents under section 7.4 of the Protective Order. Bridges Decl. ¶ 11.

Plaintiffs also refer to Cloudflare's forthcoming responses to Plaintiff Maggie Sottero Designs' interrogatories as likely to provide information about Cloudflare's technologies and services, but Maggie Sottero Designs served those interrogatories (its first) just three weeks ago, 10 months after the opening of the discovery period. Bridges Decl. ¶ 14. The fact that it first served interrogatories too late for responses before the (already extended) expert disclosure deadline on June 1 is no justification to relieve it of its own neglect.

Finally, Plaintiffs contend they need additional time "given the complexity of Cloudflare's services and technologies," but this cannot be news to them. Plaintiffs appear to have targeted Cloudflare with this lawsuit precisely because it is one of the largest networks operating on the Internet, providing security services for approximately 13% of Fortune 1000 companies,[4] services that are even more important now that the pandemic has forced individuals and businesses to move their operations online. Plaintiffs filed this lawsuit on November 7,

---

[3] Additionally, on March 3, 2020 Cloudflare subpoenaed Counterfeit Technology with requests that would also encompass these communications. As noted above in the text, Plaintiffs' lawyers also represent Counterfeit Technology with respect to that subpoena. Bridges Decl. ¶ 8 and Exh. B.
[4] *See, e.g., So What is Cloudflare?,* https://www.cloudflare.com/learning/what-is-cloudflare/.

2018, and it is not reasonable for Plaintiffs to suggest they are just now coming to grips with the fact that Cloudflare plays a critical role in Internet infrastructure.

Plaintiffs' lackadaisical approach to this case and its schedule deserves no indulgence. The opening expert disclosures concern only issues for which each party bears the burden of proof. Plaintiffs have not identified a single concrete issue for which they need more information before completing the expert disclosures. Cloudflare, by contrast, stands ready to serve its expert disclosures on the current deadline of June 1, 2020, despite facing the same alleged obstacles as Plaintiffs.

Plaintiffs bear the burden of demonstrating good cause and diligence on their part for a further extension. *See, e.g.*, *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, Case No. 17-cv-06880-BLF, 2019 U.S. Dist. LEXIS 98861 at *2-3 (N.D. Cal. June 12, 2019) (citing Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")); *Yeager v. Yeager*, 2009 U.S. Dist. LEXIS 40432, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (observing that the "good cause determination focuses primarily on the diligence of the moving party") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Because Plaintiffs cannot show that they have been diligent in pursuing their lawsuit and meeting their deadline, they have failed to carry their burden, and the Court should deny Plaintiffs' request.

Dated:   May 28, 2020

/s/ *Andrew P. Bridges*
Andrew P. Bridges (No. 122761)
abridges@fenwick.com
Crystal Nwaneri (No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Jedediah Wakefield (No. 178058)
jwakefield@fenwick.com
Sapna Mehta (No. 288238)
smehta@fenwick.com
Matthew B. Becker (No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant,
CLOUDFLARE, INC