

**GENE MARKIN, ESQ.**
DIRECT DIAL NUMBER
609-895-7248
DIRECT FAX NUMBER
609-895-7395
E-MAIL
gmarkin@stark-stark.com

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ 08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

May 29, 2020

**VIA ELECTRONIC FILING**
The Honorable Vince Chhabria
**United States District Court**
**Northern District of California**
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   **Mon Cheri Bridals, *et. al.* v. CloudFlare, Inc., *et al.***
      **Case No.: 19-CV-01356-VC**

Dear District Judge Chhabria:

    This firm represents Plaintiffs Mon Cheri Bridals, LLC and Maggie Sottero Designs, LLC. We are compelled to respond to Defendant Cloudflare, Inc.'s opposition to our request for a slight extension of time to serve expert reports.

    Through gamesmanship and evasive discovery responses, Cloudflare has endeavored to prejudice Plaintiffs by providing as little substantive information about its services and technologies as possible and, on top, delaying production of relevant, probative documents. Cloudflare proudly proclaims that the 10,000 new documents it just produced in the last few days are copies of Plaintiffs' DMCA notices to Cloudflare – but that point only bolsters the need for an extension. *First*, the DMCA notices should have already been produced in response to Plaintiffs' initial document requests but were not. *Second*, the absence of any substantive documents underscores Cloudflare's *modus operandi* of delay, deny, and evade. In response to Plaintiffs' second set of discovery requests, Cloudflare agreed to produce numerous categories of responsive documents, which are relevant to our expert's opinions, yet Cloudflare has not produced a single responsive document and has not responded to Plaintiffs' demand to know when Cloudflare will make its production, whether it is withholding any documents based on any of its objections, or whether it even has any responsive documents in the first place. *See* Plaintiffs' Second Discovery Deficiency Letter to Cloudflare dated May 26, 2020, attached hereto as **Exhibit A**.

The initial documents Cloudflare produced raised additional questions and inquiries about Cloudflare's technologies and services thereby necessitating additional discovery requests.  As we learn more information, more questions and issues arise that need to be explored.  All of these missing puzzle pieces have an impact on our expert's opinions.  Instead of burdening the Court with discovery disputes, Plaintiffs have continuously attempted to work in good faith with Cloudflare to resolve disputes, obtain substantive information, and receive pertinent documents.  Yet, it has been a battle every step of the way.

Cloudflare faults Plaintiffs for not serving their initial written discovery requests until after the ENE session in January.  Yet, neither did Cloudflare serve any written requests until after the ENE session. Both parties were understandably focused on using the ENE option in an effort to resolve the case before moving forward with pretrial discovery.  The ENE session was to occur in October 2019 under the initial schedule, but through no fault of either party was adjourned twice into January 2020 (the first adjournment because of a conflict involving the initial ENE neutral, and the second because of a conflict in the successor neutral's trial schedule).

Good cause exists for the requested 16-day extension and Cloudflare's opposition does not raise any credible objections.  It only accentuates the time trap Cloudflare hopes to create.  Expert analysis and opinions should be based on all available information, documents, and discovery responses.  Yet we do not have all of Cloudflare's responsive documents or substantive responses to probative interrogatories.  It appears Cloudflare is content forcing Plaintiffs to prepare an incomplete expert report and then produce responsive documents, which will likely have a bearing on our expert's opinions, at a later date.

Cloudflare's assertion that Plaintiffs have been dilatory is without merit.  Once the ENE was scheduled, the parties discussed whether a limited exchange of documents and information would be productive, and eventually decided against it, opting instead to focus on preparing comprehensive ENE statements and obtaining the insight of the Evaluator.  Shortly after the ENE, discovery requests were served.

Many concrete open issues exist that require additional information that bear on, among other things, the availability of any DMCA safe harbors; what specific services were provided to the infringing website clients; communications with website clients concerning infringements; documents reflecting how Cloudflare implements its repeat infringer policy, if any; the actions taken by Cloudflare in response to infringement notices; additional information about Cloudflare's caching technology; and information about Cloudflare's Polish technology, which Plaintiffs only learned about very recently.  *See* Exhibit A; *see also* Maggie Sottero's First Set of Interrogatories to Cloudflare, attached hereto as **Exhibit B**.

The 16-day extension request is reasonable and justified given the circumstances and the need for additional information and documents from Cloudflare. We therefore respectfully request that the Court grant the short extension.

Respectfully,

**STARK & STARK,**
A Professional Corporation

By: ___/s/ *Gene Markin*___
      GENE MARKIN *(pro hac vice)*

GM/emp

cc:   Andrew P. Bridges, Esq. *(w/enc.)(via electronic mail)*
      Matthew B. Becker, Esq. *(w/enc.)(via electronic mail)*
      Robert B. Owens, Esq. *(w/enc.)(via electronic mail)*
      Clients