

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

March 30, 2021

**FILED VIA ECF**

Magistrate Judge Thomas S. Hixson
United States District Court for the
Northern District of California
450 Golden Gate Avenue, Courtroom G
San Francisco, CA 94102

Re: <u>Mon Cheri Bridals, et al. v. Cloudflare, Inc., Case No. 19-cv-01356-VC-TSH</u>

Dear Magistrate Judge Hixson:

Defendant Cloudflare, Inc. submits this response to the letter brief filed by Plaintiffs (Dkt. 102) for today's discovery hearing. Cloudflare apologizes for not submitting this as a joint statement in accordance with the Court's Discovery Standing Order, but Cloudflare was not aware Plaintiffs were filing a letter brief and did not have an opportunity to include its position on the issues Plaintiffs raise with the Court. Cloudflare accordingly provides its positions below.

Plaintiffs' letter manufactures discovery disputes to distract from Plaintiffs' failures to comply with their own discovery obligations. This is highlighted, for example, by the fact that Plaintiffs waited one month to respond to Cloudflare's February 25 letter concerning an issue they raise, but then wrote to Cloudflare last Thursday afternoon demanding a response by Friday morning. Cloudflare was preparing a written response to Plaintiffs to guide the parties' telephone conference when it saw that Plaintiffs had preemptively filed a letter brief. That is far from satisfying the Court's requirement that the parties confer in good faith.

Plaintiffs' descriptions of the parties' discussions in their letter brief and in the letter that Plaintiffs sent to Cloudflare on March 25 (attached as Exhibit C to their letter brief) are not accurate. Plaintiffs' First Amended Complaint identified the websites against which Plaintiffs assert claims of direct copyright infringement in this case, which thus underly Plaintiffs' claim of contributory copyright infringement against Cloudflare. Plaintiffs and Cloudflare used that list to define the scope of their respective discovery requests and responses for almost two years. The parties' deadline to amend pleadings was October 1, 2019 (Dkt. 57) and Plaintiffs made no change to their list of accused websites. Plaintiffs then served discovery requests in December 2020 seeking information about a new and undefined list of websites (vaguely pointing to "any and all infringements for which Cloudflare is contributorily liable").

Cloudflare raised its objection to Plaintiffs' belated attempt to expand the scope of accused websites over two months ago, on January 14. Plaintiffs proposed providing a finite list of Plaintiffs' accused websites—which they suggested would be narrower than the First

March 30, 2021
Page 2

Amended Complaint—for Cloudflare to consider. Plaintiffs then sent competing lists of websites on February 11, which, to Cloudflare's surprise, were both broader than the list of websites in the First Amended Complaint. Still, Cloudflare agreed to Plaintiffs' proposal to avoid an unnecessary dispute. For clarity and to ensure no further disputes, Cloudflare explicitly advised Plaintiffs that Cloudflare understood "from our earlier conversations and based on your letter's reference to narrowing the issues that Plaintiffs move forward only with respect to the 109 domains listed in Plaintiffs' February 11 discovery requests" and Cloudflare advised that "Cloudflare will . . . treat that list as the final list of accused websites at issue in this case." Plaintiffs did not withdraw their earlier proposal or clarify their purported position at *any* point over the last month, despite the parties' multiple correspondences. Instead, they waited to gain the advantage of discovery that Cloudflare provided in the interim, knowing that Cloudflare was responding relying on the parties' compromise agreement. Now that Plaintiffs have the benefit of that discovery, they are apparently reneging on that agreement. Cloudflare thus objects to the inclusion in this case of any website that Plaintiffs did not plead, including the 15 for which Cloudflare agreed to provide discovery in reliance on the parties' compromise.

With respect to Plaintiffs' request for supplementation of Cloudflare's responses to Plaintiffs' Fourth Request for Admissions, Plaintiffs served a burdensome and duplicative set of requests to obtain information about websites that they have not pled. Again, Cloudflare responded as a compromise, but this set is objectionable on relevance grounds. Moreover, and putting aside Cloudflare's other objections, Plaintiffs' requests are not proportional to the needs of the case. Each of their requests asks for a separate admission as to 109 websites. That amounts to over *1,700 requests for admission* and is unreasonable on its face, particularly since Cloudflare has already produced the information Plaintiffs purport to seek through its document production.

Respectfully submitted,

FENWICK & WEST LLP

*s/ Sapna S. Mehta*

Sapna S. Mehta