UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC, et al.,<br>Plaintiffs,<br>v.<br>CLOUDFLARE, INC., et al.,<br>Defendants. | Case No. 19-cv-01356-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 108, 110 |

The parties have a discovery dispute concerning Plaintiffs' ability to depose David Ngo and to resume their deposition of Trey Guinn. ECF Nos. 108, 110.

With respect to Ngo, the Rule 30(b)(6) deposition testimony of Justin Paine that Plaintiffs submitted for *in camera* review[1] establishes that Ngo has relevant and discoverable knowledge. Contrary to Cloudflare's argument, the Court does not think that Rule 30(b)(6) testimony about a business process (that's what Paine testified about) is duplicative of a Rule 30(b)(1) deposition of the person who actually implements the process (that would be Ngo). For one thing, the implementer will necessarily know more details about how the process works, since they are the one doing it. For another, Rule 30(b)(6) testimony by a supervisor like Paine can sometimes be idealized or aspirational descriptions of what the company does, and the person who actually does it may provide more nuance. The Court is also not bothered by Plaintiffs' failure to serve a Rule 30(b)(1) deposition notice for Ngo because Civil Local Rule 30-1 states that prior to serving such a notice, a party is required to confer about scheduling. Plaintiffs did that on April 2, 2021 (ECF No. 108-2) asking for dates for Ngo. That was two weeks before depositions were supposed to be

---

[1] Plaintiffs say they filed it under seal, ECF No. 108-1, but they didn't.

completed (ECF No. 97), so the request was timely, and Cloudflare did not offer any dates for him.

Rather, what concerns the Court is that the dispute over Ngo's deposition seems to have been resolved by agreement. On April 21, 2021, Plaintiffs stated: "If Paine is prepped on what David Ngo does, how he does it, what type of judgment decisions he makes, and all the other items Paine was not able to testify to during his first day, then we can proceed in that fashion. We do not, however, agree to the one hour limit. We will agree to 2.5 hours. Let me know when he is available." ECF No. 108-6. Cloudflare reports that this deposition is proceeding on April 30, 2021 (ECF No. 110 at 2), and the Court is unable to understand why Plaintiffs should not be held to their agreement. *See* Fed. R. Civ. Proc. 29(b) (parties may stipulate to procedures governing or limiting discovery). Their motion to compel Ngo's deposition is denied.

For Guinn, the parties trade accusations about who is responsible for the failure to complete his deposition. The truth is that both sides are to blame. Plaintiffs' April 12, 2021 letter demanding documents before they could resume Guinn's deposition (ECF 108-5) was unreasonable because there is no way a human being could be prepared to testify about that level and volume of detail; these materials were not necessary for Guinn's continued deposition. But similarly unreasonable was Cloudflare's offer of April 21 at 8pm ET (April 22 at 8am Singapore time) on 24 hours' notice when Plaintiffs' counsel was attending another deposition earlier on April 21; that left no reasonable opportunity for counsel to prepare. The Court finds that both sides' unreasonable conduct cancels each other out. In any event, it remains true that Guinn's deposition was started but not completed, and it should be completed. The Court orders Cloudflare to make Guinn available to complete his deposition by May 14, 2021, so Plaintiffs can take his deposition in advance of their May 26 deadline to move for summary judgment.

**IT IS SO ORDERED.**

Dated: April 29, 2021

THOMAS S. HIXSON
United States Magistrate Judge