

**GENE MARKIN, ESQ.**
DIRECT DIAL NUMBER
609-895-7248
DIRECT FAX NUMBER
609-895-7395
E-MAIL
gmarkin@stark-stark.com

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ 08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

May 14, 2021

**VIA ELECTRONIC FILING**

Magistrate Judge Thomas S. Hixson
United States District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom G
San Francisco, CA 94102

    Re:    **Mon Cheri Bridals, *et. al.* v. CloudFlare, Inc., *et al.*
              Case No.: 19-CV-01356-VC**

Dear Magistrate Judge Hixson:

We represent Plaintiffs Mon Cheri Bridals, LLC and Maggie Sottero Designs, LLC and write to respond to Defendant CloudFlare, Inc.'s ("Cloudflare") discovery letter dated May 7, 2021. While we were able to agree on producing Suren Ter-Saakov for further deposition for an agreed-upon three hours, there remains a dispute as to Cloudflare's entitled to certain data that was recently added to XMLShop's database as a result of work-product I requested and directed.

By way of brief background and explanation, XMLShop served as Plaintiffs' agent in detecting infringement of Plaintiffs' images on the internet and in submitting infringement notices to hosting providers, search engines, and other Internet Service Providers, such as Cloudflare. The information obtained by XMLShop as part of its investigation was stored and maintained in its system database. As further investigations revealed additional infringements, the database continued to be updated and populated with additional information. XMLShop used this data to prepare infringement notices, including the thousands of notices that were sent to Cloudflare pertaining to infringement of Plaintiffs' images by Cloudflare's website customers.

XMLShop produced a spreadsheet at XML11725 containing information from its database pertaining to when it discovered infringements, dates of notices to Cloudflare, and URLs of the original images as well as the infringing images. The vast majority of this information was contained in the infringement notices XML sent to Cloudflare over the years; however, a few categories of self-explanatory

information not contained in the notices, such as "discovery date" and "report screenshot" were included, and therefore, we have agreed to Mr. Ter-Saakov's continued deposition so he may be questioned about those categories of data.

Having agreed on Mr. Ter-Saakov's deposition, Cloudflare inquired about whether XML's database contained additional information pertaining to Cloudflare, the Doe defendants, the alleged infringements, or XML's monitoring of the images at issue. *See* Email Correspondence between Gene Markin and Matt Becker dated May 10-14, 2021, attached hereto as **Exhibit A**. Initially, it was my understanding that the database did not contain any additional relevant data, however, upon subsequent inquiry about copyright registration numbers I learned that XML had recently added registration numbers to its database. That registration data, however, was initially compiled and prepared by XML at my request. XML used the copyright registrations Plaintiffs already produced in discovery to work with Plaintiffs in preparing a spreadsheet for me identifying registrations of certain images that were used by a specific set of domains, that I had identified and curated. XML performed this work solely at my request and per my direction for purposes of this litigation, determining litigation strategy, and for trial preparation. After preparing this work-product for me, XML input the registration number information into its database – however, the registration number data is not information XML typically maintains in the ordinary course of business and certainly XML did not have or maintain that information in its database at any time prior to the work-product assignment.

The work product doctrine protects materials that were prepared in anticipation or for purposes of litigation. *See* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)"); *see also U.S. v. Nobles*, 422 U.S. 225, 238-39 (1975) ("attorneys often must rely on the assistance of . . . agents in the compilation of material in preparation for trial. It is therefore necessary that the doctrine protect materials prepared by agents for the attorney as well as those prepared by the attorney himself"). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotation marks and citation omitted).

XML, Plaintiffs' representative and non-testifying consulting expert specifically prepared the registration data at my request for purposes of litigation strategy and trial preparation. Therefore, the registration data compiled by XML at my direction is attorney work-product that is not subject to discovery or disclosure. Plaintiffs have already produced all relevant copyright registrations in their possession as well as accessible links to the original copyrighted images and infringing images. Cloudflare has and since the filing of Plaintiffs' Amended

Complaint attaching numerous copyright registrations as an exhibit has had the opportunity to obtain copies of the registered works through the Copyright Office. *See* Circular 6 from the United States Copyright Office titled "Obtaining Access to and Copies of Copyright Office records and Deposits," attached hereto as **Exhibit B**. Notably, the Copyright Office expressly allows parties to lawsuits to obtain copies of deposits. *Id.* at p. 3 ("Copies of Deposits").

Cloudflare has not indicated it has attempted to obtain copies of deposits but was unable to do so – or that the Copyright Office did not have copies to produce. As such, it cannot credibly argue Cloudflare has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3); *see also Hickman v. Taylor,* 329 US 495, 511 (1947). Cloudflare can obtain the information through the publicly available records at the Copyright Office but chose not to. As such, it is not entitled to Plaintiffs' work-product since the registration data XML compiled at my request was for purposes of litigation and trial preparation.

Thank you for the Court's consideration of the above.

Respectfully,

**STARK & STARK,**
A Professional Corporation


By: ___/s/ *Gene Markin*___
    GENE MARKIN, ESQ.

Encl.

3