ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
MEGHAN E. FENZEL (CSB No. 324139)
mfenzel@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SAPNA S. MEHTA (CSB No. 288238)
smehta@fenwick.com
MATTHEW BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>CLOUDFLARE, INC., and DOES 1 – 500, Inclusive,<br><br>    Defendants. | Case No.: 19-cv-01356-VC<br><br>**DECLARATION OF PATRICK NEMEROFF IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DISCOVERY LETTER BRIEF AND EXHIBITS (DKTS. 108 AND 111)** |

I, PATRICK NEMEROFF, declare:

1. I am Head of Risk, Litigation, and Employment for Cloudflare, Inc. ("Defendant" or "Cloudflare"). I have personal knowledge of the matters set forth in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2. In its Discovery Letter Brief and supporting exhibits, originally filed at Dkt. 108 and subsequently refiled under seal at Dkt. 111, Plaintiffs describe testimony elicited from Cloudflare employees Justin Paine and Trey Guinn, which Cloudflare designated "Highly Confidential – Attorneys' Eyes Only" under the protective order in this case, Dkt. 77. The descriptions of highly confidential testimony appears in the letter brief itself, as well as in Exhibits B, C, D, and E. Additionally, Exhibit A consists entirely of highly confidential excerpts of Justin Paine's deposition.

3. Cloudflare secures websites and the Internet from cyberattacks and other malicious activity. Cloudflare blocks on average 45 billion cyberattacks per day as it handles traffic to and from over 27 million Internet properties. Cloudflare's users include 10% of Fortune 1000 companies, as well as many political parties in the U.S. and worldwide, dissident groups in autocratic countries, and many other sensitive or politically vulnerable groups. As a result, there is a risk that malicious actors may attempt to thwart Cloudflare's services and thereby target or silence Cloudflare's users.

4. The deposition testimony of Mr. Paine and Mr. Guinn reproduced or described in Plaintiffs' filings are highly confidential to Cloudflare, and if publicly disclosed, would subject Cloudflare and its users to considerable risks. Specifically, Mr. Paine described in his deposition testimony internal procedures and factors that Cloudflare considers in response to allegations of copyright infringement. Cloudflare has implemented a policy for the termination in appropriate circumstances of account holders who are determined to be "repeat infringers." Although Cloudflare informs account holders of this policy, Cloudflare does not disclose the internal procedures and factors that Cloudflare considers under its policy. If this information were to become public, it could be manipulated by external parties that intend to abuse or manipulate the

system and cause Cloudflare to improperly terminate its services, thereby increasing risks to its users. Similarly, Mr. Guinn testified regarding certain information that is maintained by Cloudflare in the course of its operations, which if revealed to malicious actors, could allow them to better target Cloudflare or its users through technological attacks, intrusions, or phishing attempts. Therefore, public disclosure of the information described above would cause Cloudflare financial or business harm, and also harm Cloudflare's users and others who benefit from Cloudflare's security services.

5.   For these reasons, Cloudflare requests that Exhibit A to Dkt. 108 remain sealed in its entirety. Cloudflare further requests that the partial sealing and redaction by Plaintiffs for the letter brief at Dkt. 111-3 be maintained, along with the partial sealing and redaction at Dkt. 111-7 (Plaintiffs' Exhibit D). After careful consideration of the material designated for sealing and redactions in Dkts. 111-5 and 111-9 (Plaintiffs' Exhibits B and E), Cloudflare believes that the redactions of those documents do not need to be so extensive, and for that reason Cloudflare submits more limited redactions for those documents, attached to this declaration as **Exhibits 1 and 2**, respectively. Cloudflare requests that the Court maintain the sealing of the unredacted documents filed by Plaintiffs, and provide for the public the alternative redactions to Dkts. 111-5 and 111-9 (Plaintiffs' Exhibits B and E) attached here as Exhibits 1 and 2, respectively.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 28, 2021.

*Patrick Nemeroff*

Patrick Nemeroff