ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
MEGHAN E. FENZEL (CSB No. 324139)
mfenzel@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., and DOES 1 – 500, Inclusive,<br><br>Defendants. | Case No.: 19-cv-01356-VC<br><br>**DECLARATION OF MATTHEW BECKER IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE FOR FEES MOTION** |

I, Matthew B. Becker, declare pursuant to 28 U.S.C. § 1746 as follows:

1.	I am an attorney admitted to practice in the State of California and am an associate in the law firm of Fenwick & West LLP, counsel for Defendant Cloudflare, Inc. I submit this declaration in support of the Stipulation and [PROPOSED] Order Extending the Deadline for Cloudflare's Motion for Attorneys' Fees.

2.	Cloudflare and Plaintiffs are engaged in discussions regarding the resolution of outstanding issues, which may obviate any motion for attorneys' fees. In light of the complex issues being considered, and with the approaching winter holidays, the parties require additional time to complete their discussion of these issues. Because the Judgment in this case was issued on December 1, 2021, Fed. R. Civ. P. 54(d)(2) requires that Cloudflare's motion for attorneys' fees will be due on December 15, with Plaintiffs' Opposition due December 29, if no extension is granted by the Court. This extension is warranted because it will preserve the resources of the Court and the parties, and allow for sufficient discussion of—and perhaps resolution of— outstanding issues between the parties without the need for judicial intervention. The parties acknowledge that the Court stated in its December 29, 2020 order that no further extensions to the case schedule will be granted (Dkt. 97 at 4), but the parties respectfully submit that they do not request an extension to the case schedule but instead an extension for a jurisdictional deadline, which serves the interests of the Court and the parties by allowing for discussion and possible resolution of issues outside of Court.

3.	The previous time modifications in this case are as follows:

    a.	The Central District of California – where this case originated – previously modified the case schedule twice. On November 29, 2018, the parties stipulated to extend Cloudflare's time to respond to the original complaint from November 30, 2018 to December 31, 2018 (Dkt. 16). On December 28, 2018, the Central District granted the parties' stipulation to set the briefing schedule for motions to dismiss and transfer, setting deadlines on January 16, 2019, February 1, 2019, and February 14, 2019;

        with a hearing on March 4, 2019 (Dkt. 22).  The Central District thereafter entered an Order granting defendant's motion to transfer the action to this Court.

b.     At Plaintiffs' request, and pursuant to Stipulation of the parties and an Order of the Court, there was a one-day extension of time for Plaintiffs to file their opposition to Defendant's Motion to Dismiss (Dkt. 42).

c.     The Court on its own motion rescheduled the initial Case Management Conference from 07/09/2019 to 07/10/2019 (Dkt. 52) and then to 07/31/2019 (Dkt. 53).

d.     Based on the schedules of the Early Neutral Evaluator (Michael A. Jacobs) and the schedules of counsel, the Early Neutral Evaluation deadline was continued from 12/04/2019 to 01/08/2020, pursuant to stipulation of the parties and Order of the Court (Dkt. 68).

e.     Pursuant to Local Rule 6-2(2), the following dates and deadlines were previously entered by the Court following the Case Management Conference on July 31, 2019 (Dkt. 57):

    i. Last day to amend pleadings due by 10/1/2019;

    ii. Close of Fact Discovery due by 6/18/2020;

    iii. Opening Reports due by 4/1/2020;

    iv. Rebuttal Reports due by 5/1/2020;

    v. Close of Expert Discovery due by 6/18/2020;

    vi. Last day to hear Dispositive Motion Hearing set for 9/24/2020 10:00 a.m.;

    vii. Final Pretrial Conference set for 1/11/2021 01:30 p.m.;

    viii. Jury Trial set for 1/25/2021 08:30 a.m.;

    ix. Case Management Statement due by 5/13/2020;

    x. Further Case Management Conference set for 5/20/2020 10:00 a.m.

f.  The parties stipulated to an amended case management order, which the Court entered (Dkt. 78):

    i.  Designation of Experts and Opening Reports by June 1, 2020;

    ii.  Rebuttal Expert Disclosure and Reports by August 3, 2020;

    iii.  Further Case Management Conference on September 23, 2020, at 10:00 a.m.;

    iv.  Expert Depositions by October 16, 2020;

    v.  Discovery End Date is October 30, 2020;

    vi.  Dispositive Motions (opening briefs) by November 6, 2020;

    vii.  Dispositive Motions (opposition briefs) by December 4, 2020;

    viii.  Dispositive Motions (reply briefs) by December 18, 2020;

    ix.  Hearing on Dispositive Motions on January 7, 2021, at 10:00 a.m.;

    x.  Pretrial Conference on April 12, 2021, at 1:30 p.m.;

    xi.  Trial scheduled on April 26, 2021, at 8:30 a.m.

g.  At Plaintiffs' request, the Court extended the deadline for opening expert reports to June 17, 2020 (Dkt. 84).

h.  The parties stipulated to an extension of the rebuttal expert report deadline to August 19, 2020, which the Court granted (Dkt. 87).

i.  The parties stipulated to a second amended case management order, which the Court entered (Dkt. 90):

    i.  Fact Depositions by February 5, 2021;

    ii.  Expert Depositions by March 5, 2021;

    iii.  Discovery End Date is March 19, 2021;

    iv.  Dispositive Motions (opening briefs) by April 16, 2021;

    v.  Dispositive Motions (opposition briefs) by May 14, 2021;

    vi.  Dispositive Motions (reply briefs) by June 4, 2021;

    vii.  Hearing on Dispositive Motions on June 10, 2021, at 10:00 a.m.;

       viii. Pretrial Conference on September 13, 2021, at 1:30 p.m.;

       ix. Trial scheduled on September 27, 2021, at 8:30 a.m.

j. The parties submitted a revised schedule (Dkt. 94) for dispositive motions to comply with paragraph 39 of the Court's standing order, which the Court entered (Dkt. 95):

       i. Plaintiffs' Opening Brief on April 16, 2021;

       ii. Defendant's Opening/Opposition Brief on May 14, 2021;

       iii. Plaintiffs' Opposition/Reply Brief on June 18, 2021;

       iv. Defendant's Reply Brief on July 16, 2021;

       v. Hearing on Dispositive Motions on August 5, 2021, at 10:00 a.m.

k. The parties' submitted a further revised schedule to allow for additional discovery (Dkt. 96), which the Court entered (Dkt. 97):

       i. Fact Depositions by April 16, 2021;

       ii. Expert Depositions and Discovery End by April 30, 2021;

       iii. Plaintiffs' Opening Brief on May 26, 2021;

       iv. Defendant's Opening/Opposition Brief on June 23, 2021;

       v. Plaintiffs' Opposition/Reply Brief on July 28, 2021;

       vi. Defendant's Reply Brief on August 25, 2021;

       vii. Hearing on Dispositive Motions on September 16, 2021 at 10:00 a.m.;

       viii. Pretrial Conference on October 18, 2021 at 1:30 p.m.;

       ix. Trial scheduled on November 1, 2021 at 8:30 a.m.

4. The parties request that the Court grant an extension of time to file Cloudflare's motion for attorneys' fees, Plaintiffs' opposition, and Cloudflare's reply as follows:

a. Cloudflare's Motion for Attorneys' Fees by January 31, 2022;

b. Plaintiffs' Opposition to the Motion for Attorneys' Fees by February 28, 2022;

          c.    Cloudflare's Reply to its Motion for Attorneys' Fees by March 14, 2022

5. There is good cause for the Court to approve the stipulation for the reasons I stated in Paragraph 2.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of December, 2021.

                                        */s/ Matthew B. Becker*
                                        Matthew B. Becker